**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant SERGEANT SMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHERMAN MANNING, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AMY WAKELAND, an individual, Sergeant SMITH, an individual, CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>    Defendants. | **Case No. 2:21-cv-08358-FMO-KS**<br>Assigned to Hon. Fernando M. Olguin<br><br>**SUBMITTED FOR CONSIDERATION BY MAGISTRATE JUDGE KAREN L. STEVENSON [PURSUANT TO DKT. 4 AND 9]**<br><br>**DECLARATION OF SERGEANT SMITH IN SUPPORT OF HER AND CO-DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>*[Filed concurrently with Notices of Motion and Motions for Summary Judgment; Proposed Statements of Uncontroverted Facts and Conclusions of Law; Declaration of Christopher D. Lee; Request for Judicial Notice; and [Proposed] Judgment]*<br><br>Hearing Date: November 30, 2022<br>Time:        10:00 a.m.<br>Courtroom:  580 |

4896-1926-0988.2

-1-

DECLARATION OF SERGEANT SMITH IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT

# DECLARATION OF SERGEANT SMITH

I, Sergeant Smith, declare:

1. I am a Defendant in the above-entitled action.

2. I make this Declaration in support of my Motion for Summary Judgment in this action. I also am aware of and authorize Co-Defendants Amy Wakeland and City of Los Angeles to rely upon this Declaration in support of their own Motions for Summary Judgment.

3. I am fully familiar with the following facts, which are of my own personal knowledge. If called as a witness regarding the matters set forth below, I could and would competently testify as follows:

4. On April 28, 2020, I was assigned to the Olympic Division Patrol, unit 20L50. I was in full uniform and drove a marked black and white police vehicle. I received a station call to respond to an incident at a residence located at 605 S. Irving Boulevard Los Angeles, California 90005 (the "Getty House"). I was informed that a man, later identified as Plaintiff Sherman D. Manning ("Plaintiff"), had been harassing some of the individuals at the Getty House over a period of days and had again appeared in front of the Getty House, also holding a sign in protest in front of the Getty House.

5. Upon arriving to the scene, I spoke with Plaintiff, who indicated that he was conducting an ongoing protest directed to the Los Angeles Mayor's residence, the Getty House, regarding homelessness issues. When I spoke with Plaintiff, he indicated that he was live-streaming his protest (and my interaction with him) and was standing across from the Getty House. An unhoused individual who may have been COVID-positive appeared to be with Plaintiff. At this time, a woman, later identified as Defendant Amy Wakeland ("Wakeland") was also outside and had an interaction with Plaintiff, as well, where I overheard her mention Plaintiff had harassed her daughter.

6. I then interviewed Wakeland and Wakeland's babysitter regarding Plaintiff's actions. Wakeland informed me that for approximately four days Plaintiff had stood outside her residence ostensibly protesting with signs sometimes, but also harassing Wakeland, her 8-year-old daughter, and their babysitter. Specifically, Wakeland informed me that 1) Plaintiff often had protested well within 100 feet of the residence, including adjacent to the perimeter; 2) Plaintiff had been protesting several days at the residence, including during the middle of the night and including being excessively loud; 3) Plaintiff had used a megaphone at one point in his protest; 4) Plaintiff had brought homeless individuals with him while engaging in his protest; 5) Plaintiff had chanted "Amy for President" for an extended period of time outside of the window of the residence; 6) Plaintiff had filmed Wakeland, her daughter, and their babysitter at various hours of the day and night; 7) Plaintiff had been yelling outside of Wakeland's daughter's window at night, causing the daughter annoyance, distress, and fear; 8) Plaintiff had approached Wakeland's daughter while she was alone outside on the front porch area of the residence, again causing her annoyance and distress; and 9) Plaintiff had filmed Wakeland's daughter while she was in her bathing suit.

7. Further, Wakeland informed me that Plaintiff was a convicted and registered sex offender involving rape of a child under the age of 14. Wakeland stated that she was afraid for her daughter's safety, especially in light of his actions over the previous days and because she learned that Plaintiff is a registered sex offender and was in prison.

8. I also heard Plaintiff admit at the scene of the incident that he was convicted of rape in 1995 and spent 20 years in prison.

9. Wakeland stated that she believed that Plaintiff knew when her husband went to work because he seemed to show up to the residence when she and her daughter were home alone.

10. During my interview with the babysitter, she advised that Plaintiff appeared to be filming her and Wakeland's daughter previously, but after learning about Plaintiff's criminal history, she was afraid for the safety of Wakeland's daughter when leaving the residence or letting her out to play.

11. Plaintiff indicated that he had been previously advised that there was a Los Angeles Municipal Code prohibiting protesting within 100 feet of a residence.

12. When I personally saw Plaintiff protesting in my presence, he was standing approximately 70-75 feet from the Getty House. I have subsequently personally confirmed the distance by taking a 100-foot measuring tape and stretching it from the Getty House to the spot where Plaintiff was standing and conducting his protest in my presence. I confirmed with the measuring tape that the spot Plaintiff was protesting was approximately 71 feet from the Getty House.

13. Therefore, Plaintiff had committed a misdemeanor in my presence by continuing to protest within approximately 71 feet of the Getty House, in violation of Los Angeles Municipal Code § 56.45(e). A true and correct copy of Los Angeles Municipal Code § 56.45 as it was in effect as of April 28, 2020, is attached hereto as Exhibit "1."

14. Based on my observations and the information obtained during the interviews I conducted, I believed there was probable cause to arrest Plaintiff. Therefore, based upon my observations and investigations and the observations and investigations of other officers, Plaintiff was placed under arrest.

15. Wakeland did not direct the arrest and was not involved in the arrest. I did not inform Wakeland of the arrest.

16. During Plaintiff's arrest, no force was used by me or any other police officers. No weapons were drawn at any time.

///

///

///

17. Ultimately, charges were not formally filed against Plaintiff. He was not prosecuted related to the arrest.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on this 22nd day of October, 2022, at Los Angeles, California.

Sergeant Smith

File No. 1081-09

# PROOF OF SERVICE

**Manning v. Wakeland**
**Case No. 2:21-cv-08358-FMO-KS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On October 26, 2022, I served true copies of the following document(s) described as:

**DECLARATION OF SERGEANT SMITH IN SUPPORT OF HER AND CO-DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 26, 2022, at Irvine, California.

/s/ Kristal Mauro
Kristal N. Mauro

4896-1926-0988.2

-1-

PROOF OF SERVICE

File No. 1081-09

# SERVICE LIST
## Manning v. Wakeland
### Case No. 2:21-cv-08358-FMO-KS

| | |
|---|---|
| Humberto M. Guizar, Esq., (SBN 125769)<br>hguizar@ghclegal.com<br>Christian Contreras, Esq., (SBN 330269)<br>ccontreras@ghclegal.com<br>THE LAW OFFICES OF HUMBERTO GUIZAR<br>A PROFESSIONAL CORPORATION<br>Justice X Building<br>3500 W. Beverly Blvd.,<br>Montebello, California 90640<br>Telephone: (323) 725-1151<br>Facsimile: (323) 597-0101 | ***Attorneys for Plaintiff,***<br>**SHERMAN MANNING** |
| Ronald J. Scholar, Esq. (SBN 187948)<br>COLE HUBER LLP<br>2281 Lava Ridge Court, Suite 300<br>Roseville, CA 95661<br>T: 916-780-9009<br>Fax: 916-780-9050<br>Email: rscholar@colehuber.com | ***Attorneys for Defendant,***<br>**CITY OF LOS ANGELES** |
| Kevin E Gilbert<br>Orbach Huff and Henderson LLP<br>6200 Stoneridge Mall Road Suite 225<br>Pleasanton, CA 94588<br>510-999-7908<br>510-999-7918 (fax)<br>kgilbert@ohhlegal.com | ***Attorney for Defendant***<br>**AMY WAKELAND** |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

4896-1926-0988.2

-2-

PROOF OF SERVICE