**EVERETT DOREY LLP**
Seymour B. Everett, III, SBN 223441
  severett@everettdorey.com
Samantha E. Dorey, SBN 281006
  sdorey@everettdorey.com
Christopher D. Lee, SBN 280738
  clee@everettdorey.com
18300 Von Karman Avenue, Suite 900
Irvine, California 92612
Phone: 949-771-9233
Fax: 949-377-3110

Attorneys for Defendant SERGEANT SMITH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SHERMAN MANNING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMY WAKELAND, an individual, Sergeant SMITH, an individual, CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>Defendants. | **Case No. 2:21-cv-08358-FMO-KS**<br> Assigned to Hon. Fernando M. Olguin<br><br>**SUBMITTED FOR CONSIDERATION BY MAGISTRATE JUDGE KAREN L. STEVENSON [PURSUANT TO DKT. 4 AND 9]**<br><br>**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN IN SUPPORT OF DEFENDANT SERGEANT SMITH'S MOTION FOR SUMMARY JUDGMENT**<br><br>*[Filed Concurrently with Motion for Summary Judgment; Declaration of Christopher D. Lee; Declaration of Sergeant Smith; Request for Judicial Notice; and [Proposed] Judgment]*<br><br>Hearing Date: November 30, 2022<br>Time: 10:00 a.m.<br>Courtroom: 580 |

4871-8400-9276.1

-1- 2:21-cv-08358-FMO-KS

SERGEANT SMITH'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR MOTION FOR SUMMARY JUDGMENT

## UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On May 2, 2022 Plaintiff filed his First Amended Complaint, first naming Sergeant Smith as a Defendant, alleging the following causes of action: (1) 42 U.S.C. § 1983 First Amendment and Fourth Amendment Violations; (2) Malicious Prosecution; and (3) False Arrest and False Imprisonment. | 1. Plaintiff's First Amended Complaint. [Dkt. 24] |
| 2. In the days prior to his arrest on April 28, 2020, Plaintiff had been protesting in front of the Getty House for approximately five days. | 2. See Deposition of Plaintiff, Sherman D. Manning ("Manning Depo.") at 24:5-9, attached as Exhibit "3" to the Declaration of Christopher D. Lee ("Lee Decl."). |
| 3. He did not have a set schedule and protested at various times during the day and night. | 3. See Manning Depo. at 24:24-25:11. |
| 4. According to Plaintiff, he was protesting on behalf of unhoused people of Los Angeles and as part of his protest, he took unhoused people with him to his protest targeted at the Getty House. | 4. See Manning Depo. at 8:12-15, 24:24-25:5. |

4871-8400-9276.1

-2-   2:21-cv-08358-FMO-KS
SERGEANT SMITH'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR MOTION FOR SUMMARY JUDGMENT

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233 ♦FAX 949-377-3110

| | |
|---|---|
| 5. On one of the days prior to his arrest, Plaintiff had been advised by LAPD officers that protesting within 100 feet of the Getty House violated the Los Angeles Municipal Code. | 5. See Declaration of Sergeant Smith ("Smith Decl.") at ¶ 11. |
| 6. Pursuant to the Los Angeles Municipal Code § 56.45(e), in effect on April 28, 2020: "Any person, acting alone or in concert with others, who pickets, parades or patrols in a manner that is both (1) focused upon the private residence or dwelling of any individual residing within the City of Los Angeles, and (2) takes place within one hundred (100) feet of such private residence shall be guilty of a misdemeanor." | 6. See Los Angeles Municipal Code § 56.45 attached as Exhibit "1" to the Smith Decl., also attached as Exhibit "2" to Sergeant Smith's Request for Judicial Notice ("Smith's RJN"). |
| 7. On April 28, 2020, Sergeant Smith was assigned to the Olympic Division Patrol, unit 20L50. She was in full uniform and drove a marked black and white police vehicle. She received a station call to respond to an incident at the Getty House. She was informed that a man, later identified as Plaintiff, had been harassing some of the individuals at the Getty House over a period of days | 7. See Smith Decl. at ¶ 4. |

| | |
|---|---|
| and had again appeared in front of the Getty House, also holding a sign in protest in front of the Getty House. | |
| 8. Upon arriving to the scene, Sergeant Smith spoke with Plaintiff, who indicated that he was conducting an ongoing protest directed to the Los Angeles Mayor's residence, the Getty House, regarding homelessness issues. When she spoke with Plaintiff and when she saw him engaged in his protest in her presence, he was standing across from the Getty House approximately 70-75 feet from the Getty House. | 8. See Smith Decl. at ¶¶ 5 and 12-13. |
| 9. Sergeant Smith subsequently personally confirmed the distance by taking a 100-foot measuring tape and stretching it from the Getty House to the spot where Plaintiff was standing and conducting his protest in her presence, and she confirmed with the measuring tape that the spot Plaintiff was protesting was approximately 71 feet from the Getty House. | 9. See Smith Decl. at ¶ 12. |

| | |
|---|---|
| 10. Therefore, Plaintiff had committed a misdemeanor in Sergeant Smith's presence by continuing to protest, including with a sign, approximately 71 feet from the Getty House, in violation of Los Angeles Municipal Code § 56.45(e). | 10. See Smith Decl. at ¶¶ 5, and 11-13; see also Los Angeles Municipal Code § 56.45 attached as Exhibit "1" to the Smith Decl., also attached as Exhibit "2" to Smith's RJN. |
| 11. When Sergeant Smith arrived at the Getty House, Ms. Wakeland was also outside and had an interaction with Plaintiff, where Sergeant Smith overheard her mention Plaintiff had harassed her daughter. | 11. See Smith Decl. at ¶ 5. |
| 12. Sergeant Smith then interviewed Wakeland and Wakeland's babysitter regarding Plaintiff's actions. Wakeland informed Sergeant Smith that for approximately four days Plaintiff had stood outside her residence ostensibly protesting with signs sometimes, but also harassing Wakeland, her 8-year-old daughter, and their babysitter. Specifically, Wakeland informed her that 1) Plaintiff often had protested well within 100 feet of the residence, including adjacent to the perimeter; 2) | 12. See Smith Decl. at ¶ 6; see also Deposition of Amy Wakeland ("Wakeland Depo.") at 27:21-28:14, 50:1-56:2, 69:12-22, 71:24-72:5, 114:11-12, attached as Exhibit "4" to the Lee Decl. |

| | |
|---|---|
| Plaintiff had been protesting several days at the residence, including during the middle of the night and including being excessively loud; 3) Plaintiff had used a megaphone at one point in his protest; 4) Plaintiff had brought homeless individuals with him while engaging in his protest; 5) Plaintiff had chanted "Amy for President" for an extended period of time outside of the window of the residence; 6) Plaintiff had filmed Wakeland, her daughter, and their babysitter at various hours of the day and night; 7) Plaintiff had been yelling outside of Wakeland's daughter's window at night, causing the daughter annoyance, distress, and fear; 8) Plaintiff had approached Wakeland's daughter while she was alone outside on the front porch area of the residence, again causing her annoyance and distress; and 9) Plaintiff had filmed Wakeland's daughter while she was in her bathing suit. | |
| 13.   Further, Wakeland informed Sergeant Smith that Plaintiff was a | 13.   See Smith Decl. at ¶¶ 7 and 9; see also Wakeland Depo. at 71:24- |

| | |
|---|---|
| convicted and registered sex offender involving rape of a child under the age of 14.  Wakeland stated that she was afraid for her daughter's safety, especially in light of his actions over the previous days and because she learned that Plaintiff is a registered sex offender and was in prison.  Wakeland stated that she believed that Plaintiff knew when her husband went to work because he seemed to show up to the residence when she and her daughter were home alone. | 72:5; see also Manning Depo. at 142:23-25; 143:1-3, 145:13-16. |
| 14.    Sergeant Smith also heard Plaintiff admit at the scene of the incident that he was convicted of rape in 1995 and spent 20 years in prison. | 14.    See Smith Decl. at ¶ 8; see also Manning Depo. at 142:23-25; 143:1-3, 145:13-16 |
| 15.    During Sergeant Smith's interview with the babysitter, she advised that Plaintiff appeared to be filming her and Wakeland's daughter previously, but after learning about Plaintiff's criminal history, she was afraid for the safety of Wakeland's daughter when leaving the residence or letting her out to play. | 15.    See Smith Decl. at ¶ 10. |

| | |
|---|---|
| 16. Based on Sergeant Smith's observations and the information obtained during the interviews she conducted, she believed there was probable cause to arrest Plaintiff. Therefore, based upon such observations and investigations and the observations and investigations of other officers, Plaintiff was placed under arrest. | 16. See Smith Decl. at ¶ 14. |
| 17. Ms. Wakeland did not direct the arrest and was not involved in the arrest, nor did Sergeant Smith inform Ms. Wakeland of the arrest. | 17. See Smith Decl. at ¶ 15. |
| 18. During Plaintiff's arrest, no force was used by Sergeant Smith or any other police officers, nor were any weapons drawn at any time. | 18. See Smith Decl. at ¶ 16; see also Manning Depo. at 306:19-24. |
| 19. Ultimately, charges were not formally filed against Plaintiff and he was not prosecuted related to the arrest. | 19. See Smith Decl. at ¶ 17; see also original Complaint stating "no criminal charges were ever filed against plaintiff," attached as Exhibit 1 to the Notice of Removal (Dkt. 1), at page 11 of Exhibit 1. |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ♦FAX 949-377-3110

## CONCLUSIONS OF LAW

This Court finds that there is no genuine issue as to any material fact and Sergeant Smith is entitled to summary judgment as a matter of law on the following issues:

1. Sergeant Smith is entitled to qualified immunity on Plaintiff's claims under 42 U.S.C. § 1983;

2. All of Plaintiff's claims under 42 U.S.C. § 1983 fail because there is no constitutional violation;

3. Plaintiff's arrest was lawful because there was probable cause to arrest him;

4. Plaintiff's claim for malicious prosecution fails because there was probable cause to arrest him and criminal charges were never formally filed against him.

5. Plaintiff's claim for malicious prosecution is barred because Sergeant Smith is entitled to immunity pursuant to Cal. Gov. Code § 821.6.

6. Plaintiff's claim for false arrest and false imprisonment fails because there was probable cause to arrest him.

7. Plaintiff's claim for punitive damages fails because Plaintiff cannot present any evidence that Sergeant Smith committed any actual fraud, oppression or malice.

Honorable Karen L. Stevenson
United States Magistrate Judge

Respectfully Submitted By:
DATED: October 26, 2022           EVERETT DOREY LLP

By: _____
Seymour B. Everett, III
Samantha E. Dorey
Christopher D. Lee
Attorneys for Defendant SERGEANT SMITH

4871-8400-9276.1

-10-    2:21-cv-08358-FMO-KS

SERGEANT SMITH'S PROPOSED STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOR MOTION FOR SUMMARY JUDGMENT

File No. 1081-09

# PROOF OF SERVICE

**Manning v. Wakeland**
**Case No. 2:21-cv-08358-FMO-KS**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 18300 Von Karman Avenue, Suite 900, Irvine, CA 92612.

On October 26, 2022, I served true copies of the following document(s) described as:

**[PROPOSED] STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN IN SUPPORT OF DEFENDANT SERGEANT SMITH'S MOTION FOR SUMMARY JUDGMENT**

I served the documents on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 26, 2022, at Irvine, California.

/s/ Kristal N. Mauro
Kristal N. Mauro

File No. 1081-09

# SERVICE LIST
## Manning v. Wakeland
### Case No. 2:21-cv-08358-FMO-KS

| | |
|---|---|
| Humberto M. Guizar, Esq., (SBN 125769)<br>hguizar@ghclegal.com<br>Christian Contreras, Esq., (SBN 330269)<br>ccontreras@ghclegal.com<br>THE LAW OFFICES OF HUMBERTO GUIZAR<br>A PROFESSIONAL CORPORATION<br>Justice X Building<br>3500 W. Beverly Blvd.,<br>Montebello, California 90640<br>Telephone: (323) 725-1151<br>Facsimile: (323) 597-0101 | *Attorneys for Plaintiff,*<br>**SHERMAN MANNING** |
| Ronald J. Scholar, Esq. (SBN 187948)<br>COLE HUBER LLP<br>2281 Lava Ridge Court, Suite 300<br>Roseville, CA 95661<br>T: 916-780-9009<br>Fax: 916-780-9050<br>Email: rscholar@colehuber.com | *Attorneys for Defendant,*<br>**CITY OF LOS ANGELES** |
| Kevin E Gilbert<br>Orbach Huff and Henderson LLP<br>6200 Stoneridge Mall Road Suite 225<br>Pleasanton, CA 94588<br>510-999-7908<br>510-999-7918 (fax)<br>kgilbert@ohhlegal.com | *Attorney for Defendant*<br>AMY WAKELAND |

EVERETT DOREY LLP
Attorneys at Law
18300 VON KARMAN AVENUE, SUITE 900
IRVINE, CALIFORNIA 92612
TELEPHONE 949-771-9233  ♦FAX 949-377-3110